Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN FRAZIER PRODUCTIONS, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. August is a New York limited liability company located in New York, NY. A full-service rights managed collection, August represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. August is, and at all relevant times has been, the exclusive licensing agent and syndicator for the Subject Photographs (defined below).

5. Upon information and belief, Defendant Kevin Frazier Productions, Inc. is a California Corporation with its principal place of business located at 10008 National Blvd #426, Los Angeles, CA 90034. Defendant owns, operates, and/or controls the commercial website hiphollywood.com ("Defendants' Website").

6. Upon information and belief, Defendants Does 1-10, are other parties not yet identified who have infringed the asserted copyrights. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **DEFENDANT'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPHS**

8. August is, and at all relevant times has been, the exclusive licensing agent for two original photographs registered with the U.S. Copyright Office

COMPLAINT

(collectively, the "Subject Photographs"). Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, displayed, reproduced, and/or distributed the Subject Photographs on Defendants' Website without a license, authorization, or consent from August.

| SUBJECT PHOTOGRAPHS | UNAUTHORIZED POSTS |
|---|---|
|  AU11354333 |  https://hiphollywood.com/2021/06/david-oyelowo-talks-british-vs-american-casting-controversy-and-reveals-his-favorite-accent-to-use/  https://www.hiphollywood.com/wp-content/uploads/2021/06/C10439FD-2914-4E26-B4BC-30F4C4A6DF15-1000x600.jpeg |



10. To the extent Defendants exploited the Subject Photographs on Defendants' Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

11. August incorporates by reference the allegations contained in the preceding paragraphs.

12. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs on August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet

search engines; and/or because the above-referenced unauthorized copies are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

13. Defendants, and each of them, copied, displayed, reproduced, distributed and/or otherwise exploited the Subject Photographs on Defendants' Website without a license, authorization, or consent from August.

14. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

16. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement with actual or constructive knowledge of, and/or in reckless disregard for, August's rights in the Subject Photographs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. An Order declaring that Defendants willfully infringed Plaintiff's rights in the Subject Photographs;

b. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined from using the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

c. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

d. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 20, 2025        By:    /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER/BURROUGHS
*Attorneys for Plaintiff*